**LAQUER, URBAN, CLIFFORD & HODGE LLP**
MICHAEL A. URBAN, Nevada State Bar No. 3875
NATHAN R. RING, Nevada State Bar No. 12078
4270 South Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Telephone: (702) 968-8087
Facsimile:   (702) 968-8088
Electronic Mail: murban@luch.com
              nring@luch.com
*Counsel for Plaintiff Trust Funds*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST; TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND; TRUSTEES OF THE OPERATING ENGINEERS JOURNEYMAN AND APPRENTICE TRAINING TRUST; and TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST, <br><br> Plaintiffs, <br><br> vs. <br><br> DIVERSIFIED CONCRETE CUTTING, INC., a Domestic Corporation; SPECIALTY CONTRACTING CO. d/b/a DIVERSIFIED DEMOLITION CO.; and KENNETH M. MERCURIO, an individual, <br><br> Defendant. | CASE NO.: <br><br> **COMPLAINT** <br><br> **[29 U.S.C. §§ 185(a), 1132(e), and 1145]** |

Plaintiffs, TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND, TRUSTEES OF THE OPERATING ENGINEERS JOURNEYMAN AND APPRENTICE TRAINING TRUST, and TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST, complain and allege as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this case pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e)(1), which grants the United States District Courts jurisdiction over civil actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C. § 1132(f).

2. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a), because this is the district in which the Plaintiff Trusts (defined below) are administered, the signatory union maintains union offices, and where the contractual obligation is to be paid.

3. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

## PARTIES

4. Plaintiffs are the TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST; TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND; TRUSTEES OF THE OPERATING ENGINEERS JOURNEYMAN AND APPRENTICE TRAINING TRUST; AND TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST (hereinafter collectively "Plaintiffs" or "Trusts"). Plaintiffs are Trustees of express trusts created pursuant to written declarations of trust (hereinafter "Trust Agreements") between the International Union of Operating Engineers, Local Union No. 12, (hereinafter "Local 12") and various employer associations in the construction industry in Southern California and Southern Nevada. The Trusts were created and now exist pursuant to Section 302(c) of the LMRA, as amended 29 U.S.C. § 186(c).

5. At all times material herein, Local 12 has been a labor organization representing employees in the building and construction trades in Southern California and Southern Nevada, and a labor organization representing employees in an industry affecting commerce within the meaning of Section 301(a) of the LMRA, as amended 29 U.S.C. § 185(a).

6. Plaintiffs, as Trustees of the Trusts, are "fiduciar[ies]" with respect to the Trusts as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

7. Plaintiffs are informed, believe and thereon allege that at all times material herein, Defendant DIVERSIFIED CONCRETE CUTTING, INC., a Domestic Corporation, (hereinafter "DIVERSIFIED CONCRETE") has been a domestic corporation organized and existing by virtue of the laws of the State of Nevada, with its principal place of business located in Sparks, Nevada.

8. Plaintiffs are informed, believe and thereon allege that at all times material herein, Defendant SPECIALTY CONTRACTING CO. d/b/a DIVERSIFIED DEMOLITION CO. (hereinafter "DIVERSIFIED DEMO") has been a domestic corporation organized and existing by virtue of the laws of the State of Nevada, with its principal place of business located in Sparks, Nevada.

9. DIVERSIFIED CONCRETE and DIVERSIFIED DEMO may be referred hereinafter collectively as the "Companies".

10. Plaintiffs are informed and believe, and thereon allege, that at all times material herein, Defendant, KENNETH M. MERCURIO (hereinafter "MERCURIO") was the President of DIVERSIFIED CONCRETE AND DIVERSIFIED DEMO and the sole and controlling shareholder of DIVERSIFIED CONCRETE AND DIVERSIFIED DEMO.

**GENERAL ALLEGATIONS**

11. DIVERSIFIED CONCRETE is signatory to a collective bargaining agreement with the International Union of Operating Engineers, Local Union No. 12 ("Local 12"). The agreement requires DIVERSIFIED CONCRETE to contribute fringe benefit contributions for each hour worked by or paid to any of its employees performing any covered work under the agreement.

12. DIVERSIFIED DEMO is signatory to a collective bargaining agreement with the International Union of Operating Engineers, Local Union No. 12 ("Local 12"). The agreement requires DIVERSIFIED DEMO to contribute fringe benefit contributions for each hour worked by or paid to any of its employees performing any covered work under the agreement.

13. Under its agreement with Local 12, DIVERSIFIED CONCRETE and DIVERSIFIED DEMO are bound to the terms and conditions of the Trust Agreements, under which the Plaintiff Trusts were created and currently operate.

14. DIVERSIFIED CONCRETE and DIVERSIFIED DEMO are "employer(s)," as that term is defined in the collective bargaining agreement with Local 12 and the applicable Trust Agreements.

15. DIVERSIFIED CONCRETE and DIVERSIFIED DEMO are "employer(s)" as defined and used in Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and therefore, DIVERSIFIED CONCRETE and DIVERSIFIED DEMO are "obligated to make contributions to a multi-employer plan" within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145. Plaintiffs are informed and believe and thereon allege that DIVERSIFIED CONCRETE and DIVERSIFIED DEMO are also "employer(s)" engaged in "commerce" in an "industry affecting commerce," as those terms are defined and used in Sections 501(1) and 501(3) of the LMRA, as amended 29 U.S.C. § 142(1)-(3), and within the meaning and use of Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

16. As further described below, DIVERSIFIED CONCRETE and DIVERSIFIED DEMO have failed and refused to pay fringe benefit contributions on behalf of their employees and failed to timely submit reports to the Plaintiff Trusts showing the hours worked and contributions due for work performed by their employees.

17. MERCURIO was the president of DIVERSIFIED CONCRETE and DIVERSIFIED DEMO and has personal and co-fiduciary duties, which hold him personally responsible for the remittance of due and owing fringe benefit contributions to the Plaintiff Trusts for all hours worked by or paid to any of the Companies' employees performing covered work under the collective bargaining agreement.

**FIRST CLAIM FOR RELIEF**
**(Breach of written collective bargaining agreement and related Trust Agreements –
DIVERSIFIED CONCRETE CUTTING, INC.)**

18. Plaintiffs hereby incorporate by reference all prior paragraphs of this Complaint, inclusive of any and all subparagraphs, to the same effect as if set forth verbatim.

19. Under its agreement with Local 12, DIVERSIFIED CONCRETE is obligated to submit written reports to the Trusts on a timely basis showing the identity of its employees performing any work covered by the collective bargaining agreement and the number of hours worked by or paid to those employees. Further, DIVERSIFIED CONCRETE promised it would pay fringe benefit contributions to the Trusts on a monthly basis and at specified rates for each hour worked by or paid to

its employees. These amounts are due and payable at the Trusts' administrative offices, which are located in Pasadena, California.

20. DIVERSIFIED CONCRETE is required by the Trust Agreements, Federal law, and Ninth Circuit precedent to maintain adequate records of, among other things, the hours of work performed by its employees and the amounts paid to its employees.

21. DIVERSIFIED CONCRETE did not pay fringe benefit contributions for the reports it submitted to the Trusts for work performed in June 2017 through September 2017 or paid such reports untimely.

22. The following amounts are owed to the Trusts:

| Month | Contributions | Payment | LDs | Interest | Total |
|---|---|---|---|---|---|
| Jun-17 | $ 6,199.20 | $ 6,199.20 | $ 619.62 | $ 95.98 | $ 715.60 |
| Jul-17 | $ 4,234.74 | $ 4,234.74 | $ 423.47 | $ 36.79 | $ 460.26 |
| Aug-17 | $ 3,611.22 | $ - | $ 379.64 | | $ 3,990.86 |
| Sep-17 | $ 4,208.76 | $ - | $ 420.88 | | $ 4,629.64 |
| | | | | **Total Amount Due:** | **$ 9,796.36** |

23. DIVERSIFIED CONCRETE's underpayment of fringe benefit contributions and failure to timely submit reports entitles the Plaintiffs to liquidated damages, prejudgment interest, and attorney's fees and costs. These amounts are proven and supported by the employer's reports to the Trusts.

24. DIVERSIFIED CONCRETE continues to fail and refuse to cure the breach of its obligations to the Trusts.

25. There is no legal excuse for DIVERSIFIED CONCRETE's breach of the collective bargaining and related Trust Agreements.

26. It has been necessary for the Trusts to engage the law firm of Laquer, Urban, Clifford & Hodge LLP, for the purpose of collecting the amounts due. Pursuant to the collective bargaining agreement, trust agreements, and 29 U.S.C. § 1132(g)(2), the Trusts are entitled to their reasonable attorneys' fees and costs of suit.

27. Pursuant to 29 U.S.C. § 1132(g)(2), DIVERSIFIED CONCRETE owes prejudgment interest to the Trusts at the rates established pursuant to 26 U.S.C. § 6621. Interest is due on all unpaid contributions from the dates the sums were originally due to the Trusts until the date of judgment. The amount of interest will be established by proof at trial or in support of a dispositive motion.

## SECOND CLAIM FOR RELIEF
### (Breach of written collective bargaining agreement and related Trust Agreements – DIVERSIFIED DEMOLITION CO.)

28. Plaintiffs hereby incorporate by reference all prior paragraphs of this Complaint, inclusive of any and all subparagraphs, to the same effect as if set forth verbatim.

29. Under its agreement with Local 12, DIVERSIFIED DEMO is obligated to submit written reports to the Trusts on a timely basis showing the identity of its employees performing any work covered by the collective bargaining agreement and the number of hours worked by or paid to those employees. Further, DIVERSIFIED DEMO promised it would pay fringe benefit contributions to the Trusts on a monthly basis and at specified rates for each hour worked by or paid to its employees. These amounts are due and payable at the Trusts' administrative offices, which are located in Pasadena, California.

30. DIVERSIFIED DEMO is required by the Trust Agreements, Federal law, and Ninth Circuit precedent to maintain adequate records of, among other things, the hours of work performed by its employees and the amounts paid to its employees.

31. DIVERSIFIED DEMO did not pay fringe benefit contributions for the reports it submitted to the Trusts for work performed in August 2017 through September 2017 or paid those reports late.

32. The following amounts are owed to the Trusts:

| PLS | | | | | |
| --- | --- | --- | --- | --- | --- |
| **Month** | **Contributions** | **Payment** | **LDs** | **Interest** | **Total** |
| Sep-17 | $ 1,981.35 | $    - | $ 198.07 | | **$ 2,179.42** |

| SFN | | | | | |
| --- | --- | --- | --- | --- | --- |
| **Month** | **Contributions** | **Payment** | **LDs** | **Interest** | **Total** |
| Jun-17 | $ 11,153.28 | $ 11,153.27 | $1,115.33 | $172.68 | $ 1,288.01 |

6

| Month | Contributions | Payment | LDs | Interest | Total |
|---|---|---|---|---|---|
| Jul-17 | $ 5,407.78 | $ 5,407.78 | $ 540.78 | $ 46.98 | $ 587.76 |
| Aug-17 | $ 644.39 | $ - | $ 67.72 | | $ 712.11 |
| Sep-17 | $ 2,274.30 | $ - | $ 227.43 | | $ 2,501.73 |
| | | | | | **$ 5,089.61** |

**SFC**

| Month | Contributions | Payment | LDs | Interest | Total |
|---|---|---|---|---|---|
| Jun-17 | $ 1,081.50 | $ - | $ 128.38 | | $ 1,209.88 |
| Aug-17 | $14,775.95 | $ - | $1,553.30 | | $16,329.25 |
| Sep-17 | $18,719.23 | $ - | $1,871.94 | | $ 20,591.17 |
| | | | | | **$38,130.30** |

33. DIVERSIFIED DEMO's underpayment of fringe benefit contributions and failure to timely submit reports entitles the Plaintiffs to liquidated damages, prejudgment interest, and attorney's fees and costs. These amounts are proven and supported by the employer's reports to the Trusts.

34. DIVERSIFIED DEMO continues to fail and refuse to cure the breach of its obligations to the Trusts.

35. There is no legal excuse for DIVERSIFIED DEMO's breach of the collective bargaining and related Trust Agreements.

36. It has been necessary for the Trusts to engage the law firm of Laquer, Urban, Clifford & Hodge LLP, for the purpose of collecting the amounts due. Pursuant to the collective bargaining agreement, trust agreements, and 29 U.S.C. § 1132(g)(2), the Trusts are entitled to their reasonable attorneys' fees and costs of suit.

37. Pursuant to 29 U.S.C. § 1132(g)(2), DIVERSIFIED DEMO owes prejudgment interest to the Trusts at the rates established pursuant to 26 U.S.C. § 6621. Interest is due on all unpaid contributions from the dates the sums were originally due to the Trusts until the date of judgment. The amount of interest will be established by proof at trial or in support of a dispositive motion.

**THIRD CAUSE OF ACTION**
**Breach of ERISA Fiduciary Duties -**
**(Against DIVERSIFIED CONCRETE, DIVERSIFIED DEMO and KENNETH M. MERCURIO)**

38. Plaintiffs hereby incorporate by reference all prior paragraphs of this Complaint, inclusive of any and all subparagraphs, to the same effect as if set forth verbatim. A portion of the fringe

benefit contributions required to be paid by Defendants are monies funded exclusively from contributions from participating employers, without deductions from the covered employees' paychecks. These are contributions to the Pension, Health and Welfare, and Training Trusts.

39. In contrast, fringe benefit contributions required to be paid by the Defendants to the Vacation-Holiday Savings Trust are monies funded exclusively by deductions from the covered employees' compensation.

40. Plaintiffs are informed and believe and thereon allege, that at all times material herein, DIVERSIFIED CONCRETE, DIVERSIFIED DEMO and MERCURIO were a "fiduciary" pursuant to ERISA Section 3(21)(A), 29 U.S.C. §1002(21)(A), and are therefore individually and separately liable for the violation of their ERISA fiduciary duties.

41. Plaintiffs allege that in his position with the Companies, MERCURIO, in his role as president, and sole officer, accrued a direct beneficial and pecuniary interest in the activities and ultimately, in the success of the Companies.

42. Plaintiffs are informed and believe and thereby allege, MERCURIO is responsible for the day-to-day operations of the business, and as such, for the withholding of monies from employees' paychecks and the subsequent decisions pertaining to the remittance of these fringe benefit contributions to the Trusts.

43. MERCURIO had a fiduciary duty to the Trusts and the Trusts' participants and beneficiaries because he exercised discretionary control and authority over the Trusts' assets, which are the unpaid fringe benefit contributions for the work performed under DIVERSIFIED CONCRETE's and DIVERSIFIED DEMO's collective bargaining agreements with Local 12.

44. Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), provides that "a person [or entity] is a fiduciary with respect to a plan to the extent (i) he . . . exercises any discretionary authority or control respecting . . . disposition of its assets . . . ." Section 404(a)(1)(A) of ERISA, 29 U.S.C. §1104(a)(1)(A), provides that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and-- (A) for exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and . . . (D) in accordance with the documents and instruments governing the plan . . . ." Section 403(c)(1) of ERISA, 29 U.S.C. §1103(c)(1), provides that "the assets of a plan shall

1  never inure to the benefit of any employer and shall be held for the exclusive purposes of providing
2  benefits to participants in the plan and their beneficiaries . . . ."

3     45.   Under 29 U.S.C. § 1109, any fiduciary of a plan who breaches his fiduciary duties to the
4  plan is personally liable for the damages caused by his breach of fiduciary duty.

5     46.   The Trust Agreements establishing the Trusts and governing their operation state that
6  unpaid fringe benefit contributions are assets of the Trusts. In addition, the Trustees of the Trusts have
7  interpreted such amounts as being assets of the Trusts.

8     47.   Upon information and belief, Plaintiffs allege that Defendants, DIVERSIFIED
9  CONCRETE, DIVERSIFIED DEMO and MERCURIO, without legal justification or excuse, failed to
10 accurately and timely transmit the monies withheld from employees' wages to the relevant trust funds,
11 such monies have been withheld for the account and benefit of DIVERSIFIED CONCRETE,
12 DIVERSIFIED DEMO and MERCURIO.

13     48.   MERCURIO had knowledge of DIVERSIFIED CONCRETE's and DIVERSIFIED
14 DEMO's acts and omissions as a fiduciary and knowingly undertook to conceal those omissions and
15 acts from the Trusts and trustees.

16     49.   Based on the foregoing, DIVERSIFIED CONCRETE, DIVERSIFIED DEMO and
17 MERCURIO are jointly and severally liable to the Plaintiffs for all unpaid fringe benefit contributions,
18 surcharges, contract damages, audit costs, liquidated damages, attorney's fees and costs, and
19 prejudgment interest owed to Plaintiffs, and Plaintiffs seek judgment for the same against
20 DIVERSIFIED CONCRETE, DIVERSIFIED DEMO and MERCURIO and each of them, jointly and
21 severally, in an amount to be proven at trial or in a dispositive motion.

22     50.   It has been necessary for the Trusts to engage the law firm of Laquer, Urban, Clifford &
23 Hodge, LLP, for the purpose of collecting the amounts due. Pursuant to the collective bargaining
24 agreement, trust agreements, and 29 U.S.C. § 1132(g)(1)-(2), the Trusts are entitled to their reasonable
25 attorneys' fees and costs in connection therewith. These amounts shall be established by proof at trial
26 or in support of a dispositive motion herein.

## FOURTH CLAIM FOR RELIEF
### (Violation of 29 U.S.C. § 1145 – DIVERSIFIED CONCRETE and DIVERSIFIED DEMO)

51. Plaintiffs hereby incorporate by reference all prior paragraphs of this Complaint, inclusive of any and all subparagraphs, to the same effect as if set forth verbatim.

52. Section 515 of ERISA, 29 U.S.C. § 1145, provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

53. All conditions, covenants and promises on the Trusts' part that are or were required to be performed as conditions precedent for DIVERSIFIED CONCRETE's and DIVERSIFIED DEMO's performance under 29 U.S.C. § 1145 have been properly performed.

54. On DIVERSIFIED CONCRETE's and DIVERSIFIED DEMO's covered work performed under their collective bargaining agreements with Local 12, DIVERSIFIED CONCRETE and DIVERSIFIED DEMO violated their statutorily mandated obligation to report and remit the proper amount of fringe benefit contributions to the Plaintiffs.

55. DIVERSIFIED CONCRETE and DIVERSIFIED DEMO were given written notice of their non-performance and a demand to perform. DIVERSIFIED CONCRETE and DIVERSIFIED DEMO have failed and refused, and continues to fail and refuse, to cure their ongoing violation.

56. There is no legal excuse for DIVERSIFIED CONCRETE's and DIVERSIFIED DEMO's violation of 29 U.S.C. § 1145.

57. Pursuant to 29 U.S.C. § 1132(g)(2), in any action by a fiduciary in which judgment is found in favor of the plan under 29 U.S.C. § 1145, the court shall award the plan:

    i)     the unpaid contributions,

    ii)     interest on the unpaid contributions,

    iii)     an amount equal to the greater of

        a) interest on the unpaid contributions; or

        b) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under

       federal or state law) of the amount determined by the court to be unpaid contributions,

    iv) reasonable attorneys' fees and costs, and

    iv) such other legal or equitable relief as the Court deems appropriate.

58. For purposes of 29 U.S.C. § 1132(g)(2), interest on unpaid contributions shall be determined by using the rate provided under the plan or, if none, the rate prescribed under § 6621 of the Internal Revenue Code of 1986, as amended, 26 U.S.C. § 6621.

59. Pursuant to 29 U.S.C. § 1132(g)(2) and the Trust Agreements, DIVERSIFIED CONCRETE and DIVERSIFIED DEMO owes interest to the Trusts, at the rates established pursuant to 26 U.S.C. § 6621, on all unpaid contributions from the dates the sums were originally due to the Trusts to the date of judgment. The amount of said interest will be established by proof at trial or in a dispositive motion.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for judgment against Defendants DIVERSIFIED CONCRETE CUTTING, INC; SPECIALTY CONTRACTING CO. d/b/a DIVERSIFIED DEMOLITION CO.; and KENNETH M. MERCURIO, an individual, as follows:

1. For unpaid fringe benefit contributions in amounts as proven;
2. For damages for breach of contract in amounts as proven;
3. For liquidated damages in amounts as proven;
4. For interest at the rates established by 26 U.S.C. § 6621 on all fringe benefit contributions and damages until paid in full;
5. For Plaintiffs' reasonable attorneys' fees;
6. For Plaintiffs' costs of suit incurred herein;
7. For such additional relief as this Court deems just and proper.

Dated: October 19, 2017						**LAQUER, URBAN, CLIFFORD & HODGE LLP**

*/s/ Nathan R. Ring*
MICHAEL A. URBAN, Nevada Bar No. 3875
NATHAN R. RING, Nevada Bar No. 12078
4270 SOUTH DECATUR BLVD., SUITE A-9
LAS VEGAS, NEVADA 89103
TELEPHONE: (702) 968-8087
FACSIMILE:   (702) 968-8088
ELECTRONIC MAIL: murban@luch.com
nring@luch.com
***Counsel for Plaintiff Trust Funds***