UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

TRUSTEES OF THE OPERATING
ENGINEERS PENSION TRUST, *et al.*,

Plaintiffs,

v.

DIVERSIFIED CONCRETE CUTTING,
INC., *et al.*,

Defendants.

Case No. 2:17-cv-02686-APG-GWF

**ORDER**

This matter is before the Court on Plaintiffs' Memorandum in Support of Fees and Costs Request (ECF NO. 34), filed on August 9, 2018. No party has filed an opposition and the time for response has now expired.

### **BACKGROUND**

On May 11, 2018, Plaintiffs filed their motion for judgment debtor exam (ECF No. 17) and on May 15, 2018, the Court granted their motion. *See* ECF No. 19. The Court ordered Defendant Mercurio to appear for a judgment debtor examination on June 22, 2018. Defendant Mercurio did not appear for the judgment debtor examination as ordered. On July 3, 2018, Plaintiffs filed their motion for order to show cause (ECF No. 26) and on July 26, 2018, the Court conducted a hearing in this matter. On July 27, 2018, the Court granted Plaintiffs' motion for order to show cause and awarded Plaintiffs' reasonable costs and attorney's fees incurred in preparing and filing their motion for order to show cause.

### **DISCUSSION**

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by

1

1  "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984). Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Defendants request attorney's fees in the amount of $2,511.00 for time expended in the matter as well $472.65 for costs related to the order to show cause against Defendant Mercurio for a total of $2,983.65. The amount is based on work performed by Nathan R. Ring, Esq. and at an hourly rate of $360.00 and work performed by April Denni and Ryann Milton, paralegals employed by Plaintiffs' counsel's office, at an hourly rate of $110.00. After reviewing Plaintiffs' counsel's affidavit and itemized billing entries, the Court finds that $2,511.00 for fees to prepare Plaintiff's motion for order to show cause is excessive. The Court finds that the hours involved in preparing Plaintiff's motion for an order to show cause and labor related to such motion should take no more than 5.0 hours of attorney labor. Therefore, the Court will reduce Plaintiff's attorney's fees's request by $612.00 to a total of $1,899.00. As a result, the Court will award reasonable attorney's fees in the amount of $1,899.00 and costs in the amount of $472.65 for a total of $2,371.65. Accordingly,

. . .

. . .

. . .

1 | **IT IS HEREBY ORDERED** that Defendant Mercurio must pay the amount of
2 | $2,371.65 to Plaintiffs.
3 | **IT IS FURTHER ORDERED** that Defendant Mercurio is to make the payment to
4 | Plaintiffs no later than **October 17, 2018** unless an objection is filed.
5 | Dated this 3rd day of October, 2018.

*George Foley Jr.*
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE